# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1730

———————

Richard E. Walden,

       Appellant,

  v.

Eaton Corporation,

       Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: March 3, 2006
Filed: March 8, 2006

———————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Richard E. Walden appeals the district court's[1] adverse grant of summary judgment in his Employment Retirement Income Security Act (ERISA) lawsuit against his former employer, the Eaton Corporation (Eaton), brought after his long-term disability (LTD) benefits were discontinued. We conclude that the district court properly applied an abuse-of-discretion standard of review, and that the grant of summary judgment was proper. See Torres v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 677 (8th Cir. 2005) (reviewing de novo adverse grant of summary judgment and

———————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

district court's determination of appropriate standard of review in ERISA case involving denial of benefits).

Under an abuse-of-discretion standard, we must affirm if a reasonable person could have reached a similar decision, given the evidence before him. See Wise v. Kind & Knox Gelatin, Inc., 429 F.3d 1188, 1190 (8th Cir. 2005) (reasonable decision is one based on substantial evidence). We conclude that Eaton justifiably relied on Walden's tax records and a denial letter from the Social Security Administration (SSA) as proof of Walden's work activities, as these documents reflected Walden's own reports of material participation in the management of an automobile dealership and thus his ability to perform work for compensation.[2] Cf. Riedl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 759 n.4 (8th Cir. 2001) (SSA's determination is not binding but it is admissible evidence to support ERISA claim for LTD). Thus, the decision to discontinue the LTD benefits was supported by substantial evidence. See Wise, 429 F.3d at 1190 (it is not necessary to show that reasonable person would have reached decision, only that he could have; courts should hesitate to interfere with ERISA plan administration). We also find no abuse of discretion in the district court's denial of Walden's discovery requests. See Sallis v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005) (review of district court's discovery rulings is narrow and deferential).

Accordingly, we affirm.

_____

_____

[2]Under the plan provision at issue, an employee is entitled to continued LTD benefits if he is "totally and continuously unable to engage in any occupation or to perform any work for compensation or profit for which" he is, or might become, "reasonably well fitted by reason of education, training, or experience."